IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STENSON T. RICHIE, <br> (TDCJ-CID #1169460) <br><br> Petitioner, <br><br> VS. <br><br> WILLIAM STEPHENS, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § CIVIL ACTION NO. H-14-0504 <br> § <br> § <br> § <br> § |

**MEMORANDUM AND OPINION**

Petitioner, Stenson T. Richie, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a disciplinary conviction at the Ferguson Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). He is currently serving a conviction imposed by a state court in Tarrant County, Texas.

The threshold issue is whether Richie has stated meritorious grounds for federal habeas relief. Based on careful consideration of the pleadings; the record; and the applicable law, this court denies the federal petition and, by separate order, enters final judgment. The reasons for these rulings are set forth below.

**I.     Background**

On October 4, 2013, prison officials at the Ferguson Unit conducted a disciplinary hearing in disciplinary case number 20140030856. The hearing officer found Richie guilty and punished him with a loss of recreation privileges for forty-five days; a loss of commissary privileges for forty-five

days; a reduction in good time earning class status from Line 1 to Line 3; and a loss of 300 days good time credits.

Richie filed a Step One Grievance, which was denied on October 24, 2013. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 5-6). Richie filed a Step Two Grievance, which was denied on November 12, 2013. (*Id.* at 6).

On February 28, 2014, this court received Richie's federal petition. Richie contends that his conviction in disciplinary case number 20140030856 is void. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-9).

## II.   The Legal Standard

A district court may examine habeas petitions before an answer or other responsive pleading is filed. *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999). Such a review is based on "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4, Advisory Committee Notes.

In *Wolff v. McDonnell,* 418 U.S. 539, 563-66 (1974), the Supreme Court held that the standards governing disciplinary proceedings depended on the sanction imposed and the consequences. *Walker v. Navarro Cnty. Jail,* 4 F.3d 410, 412 (5th Cir. 1993). A prisoner punished by solitary confinement and loss of good-time credits is entitled to: (1) written notice of the charges against him at least twenty-four hours before the hearing; (2) a written statement of the fact finders as to the evidence relied on and the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. However, when the punishment has no effect on the

length of the sentence, an inmate is entitled to some notice, an opportunity to present his view either in person or by written statement, and an informal nonadversarial review. *Hewitt v. Helms*, 459 U.S. 460 (1983).

In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that while a state may, under certain circumstances, create liberty interests applicable to prisoners protected by the Due Process Clause, such interests are generally limited to state-created regulations or statutes that affect the quantity, rather than the quality, of time served by a prisoner. The Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse effect on a prisoner. *Id.* at 478. A prisoner's loss of good time credits as a result of punishment for a disciplinary conviction, increasing the sentence beyond the time that would otherwise have resulted from state laws providing mandatory sentence reductions for good behavior, must be accompanied by certain procedural safeguards in order to satisfy due process. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

### III. Analysis

Richie's punishment consisted of a loss of 300 days good time credits. Richie may complain that the reduction in his good time earning class status has delayed his release on parole, creating a due process violation. Prisoners may become eligible for release under Texas law on parole or under a mandatory supervised release program. *See Madison*, 104 F.3d at 768. "Parole" is the "discretionary and conditional release of an eligible prisoner . . . [who] may serve the remainder of his sentence under the supervision and control of the pardons and paroles division." *Id.* "Mandatory supervision" is the "release of an eligible prisoner . . . so that the prisoner may serve the remainder of his sentence not on parole, but under the supervision and control of the pardons and paroles

division." *Id.* The law is clear that Richie has no constitutional right to parole. *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995). The Fifth Circuit has expressly held that there is no constitutional expectancy of parole in Texas, *Creel v. Keene,* 928 F.2d 707 (5th Cir. 1991), and no right to be released on parole. *Madison,* 104 F.3d at 768 (citing TEX. CODE CRIM. P. ANN. art. 42.18, § 8(a)).[1] Because a prisoner has "no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Allison v. Kyle,* 66 F.3d 71, 73-74 (5th Cir. 1995)(citing *Orellana,* 65 F.3d at 32). Any argument by Richie that he is entitled to be considered for release on parole at a particular time would fail.

Richie may complain of the delay in his release to mandatory supervision. Richie lost 300 days of good-time credits. Richie indicates that he is ineligible for release to mandatory supervision for his sentence for aggravated robbery. (Docket Entry No. 1, Federal Petition, p. 5). On-line research confirms that Richie is serving a fifteen-year sentence for aggravated robbery. He is ineligible for mandatory supervision according to the mandatory supervision statute in effect when he committed the underlying offense of engaging in organized criminal activity, namely, aggravated robbery. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, Sec. 3g(a)(2) (West 2002). A prisoner may not be released to mandatory supervision if the prisoner used or exhibited a deadly weapon during the commission of a felony offense or during immediate flight. Richie is serving a sentence for a felony under Section 29.03, Penal Code (aggravated robbery). *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, Sec. 3g(a)(1)(F) (West 1999). Richie further indicates that the court found that Richie had

---

[1]The Fifth Circuit has repeatedly rejected efforts by Texas prisoners to assert a constitutionally-protected interest arising out of state parole statutes. *See Madison v. Parker,* 104 F.3d at 768; *Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied,* 116 S. Ct. 736 (1996); *Gilbertson v. Tex. Bd. of Pardons and Paroles,* 993 F.2d 74, 75 (5th Cir. 1993); *Creel v. Keene,* 928 F.2d 707, 709-12 (5th Cir. 1991), *cert. denied,* 501 U.S. 1210 (1991).

used or exhibited a deadly weapon in the course of committing the offense of aggravated robbery. (Docket Entry No. 1, Federal Petition, p. 5).

Even though Richie lost good time credit, Richie has no protected liberty interest in the loss of his accrued good time because he is ineligible for release to mandatory supervision, *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

## IV.   Conclusion

Richie's petition for a writ of habeas corpus is DENIED. This case is DISMISSED. Richie's motion to proceed in forma pauperis, (Docket Entry No. 2), is GRANTED. Any remaining pending motions are DENIED as moot.

The Supreme Court has stated that the showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484.

This court denies Richie's petition after careful consideration of the merits of his constitutional claims. This court denies a COA because Richie has not made the necessary showing for issuance.

SIGNED at Houston, Texas, on ____March 11____, 2014.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE